05-40018 NMG

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name of Movant<br>Albert Johnny Torres | Prisoner No.<br>80198-038 | Docket No.<br>4:99-CR-40027 |
| Place of Confinement<br>FCI Ft. Dix, New Jersey 08640 | | |

(include name upon which convicted)

UNITED STATES OF AMERICA      v.      Albert Johnny Torres

(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. District Court for the District of Massachusetts 595 Main St. Worcester, MA 01608__

2. Date of judgment of conviction __12/30/02__

3. Length of sentence __228 months__

4. Nature of offense involved (all counts) __One count of Conspiracy to Possess Cocaine Base with Intent to Distribute, 21 USC 846; Eight counts of Dist. of Cocaine Base, 21 USC 841(a)(1); one count of Possession of a Firearm During and in relation to a Drug Trafficking Crime, 18 USC 924(c).__

5. What was your plea? (Check one)
   (a) Not guilty     ☐
   (b) Guilty         ☒  ALL COUNTS
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____
   _____
   _____

6. Kind of trial: (Check one)
   (a) Jury       N/A   ☐
   (b) Judge only       ☐

7. Did you testify at the trial?
   Yes ☐ No ☐     N/A

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243
REV 6'82

9. If you did appeal, answer the following:

   (a) Name of court U.S. Court of Appeals for the First Circuit

   (b) Result Conviction and Sentence Affirmed

   (c) Date of result 3/12/04

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court N/A

    (2) Nature of proceeding

    (3) Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐

    (5) Result

    (6) Date of result

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Nature of proceeding

    (3) Grounds raised

(3)

AO 243
REV 6/82

 (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐ No ☐

 (5) Result _____

 (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

 (1) Name of court _____

 (2) Nature of proceeding _____
 _____

 (3) Grounds raised _____
 _____
 _____
 _____
 _____

 (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐ No ☐

 (5) Result _____
 (6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
 (1) First petition, etc.  Yes ☐ No ☐
 (2) Second petition, etc. Yes ☐ No ☐
 (3) Third petition, etc.  Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
 For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
 Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
 (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
 (b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **SEE ATTACHED**

Supporting FACTS (tell your story *briefly* without citing cases or law):

B. Ground two:

Supporting FACTS (tell your story *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (tell your story *briefly* without citing cases or law):

AO 243
REV 6/82

D. Ground four: ______

Supporting FACTS (tell your story *briefly* without citing cases or law): ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: The ground cited in the attached Memorandum was not presented previously due to the fact that it is based on new constitutional law unavailable until the Supreme Court's ruling entered January 12, 2005.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒ XXX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Martin D. Boudreau, Esq. 487 Adams St. Milton, MA 02186

(b) At arraignment and plea SAME

(c) At trial N/A

(d) At sentencing SAME

AO 243
REV 6/82

(e) On appeal  Craig Barton    P.O. Box 656 W.Springfield, MA 01090

(f) In any post-conviction proceeding  PRO SE

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-24-05
(date)

*Albert Serra* (signature)
Signature of Movant

(7)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| USA | ) |
| v. | ) Docket No. 4:99-CR-40027<br>   Defendant No. 01 |
| ALBERT JOHNNY TORRES | ) |

### ADDENDUM TO PETITIONER'S 18 USC § 2241 MOTION

NOW HERE COMES Albert Torres, acting pro se in the above numbered cause, to be referred to as the "Petitioner" in the following:

### JURISDICTION

The Court of Appeals for the First Circuit found the Petitioner's ineffective assistance of counsel claim not cognizable on direct appeal, thereby making the Petitioner's case not yet final. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987).

### ARGUMENT

I. Petitioner's Sixth Amendment rights were violated by Imposition of Enhancement

(1)

The Petitioner was enhanced four (4) levels for his perceived leadership role, pursuant to U.S.S.G 3B1.1(a) [PSI, p. 12]. The District Court came to the conclusion based on a perponderance of the evidence standard, which the Supreme Court has ruled is unconstitutional (United States v. Booker, No. 04-104, January 12, 2005). In Booker, ante at 1-2,20, the Court held that "the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant."

The record clearly reflects the fact that the Petitioner never admitted to his so-called leadership role. In fact, this enhancement was cited in the Petitioner's Direct Appeal (No. 03-1197).

Moreover, the Appellate Court quoted U.S. v. Casas, 356 F3d. 104, 129 (1ST Cir. 2004), stating that "it is clearly dispositive that Torres may have been subordinate to another member of the conspiracy." However, utilizing a "beyond a reasonable doubt" standard of review, a jury would have more than likely been apt to view the Petitioner as a manager, not a leader, thus only requiring an enhancement of 3 levels.

II. Petitioner was denied effective assistance
    of counsel

To demonstrate a Sixth Amendment claim alleging ineffective assistance of counsel, the Petitioner understands he must show that counsel's performance was deficient and that counsel's errors were substantial enough to prejudice the outcome of the proceedings. Wiggins v. Smith, 156 L.Ed. 2d 471, 484 (2003); citing Strickland v. Washington, 466 U.S. 668, 687 (1984). The Petitioner further recognizes that in reviewing counsel's actions in the context of such a claim, the Court "indulges a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Counsel's performance was deficient due to his failure not only to advise the Petitioner as to the ramifications of his plea to the gun charge, but counsel's failure to dispute in any way the 4-level enhancement for a leadership role.

First of all, the Petitioner was never advised by his attorney that pleading to the gun charge would automatically incur a 5-year consecutive sentence of imprisonment. Instead, counsel informed the Petitioner that a 2-level enhancement may be applied, even though the statute for 18 USC 924(c)(1)

(3)

is quite clear. Once the plea was entered, any further argument to the Court of Appeals was moot.

Secondly, counsel's failure to vigorously argue the 4-level enhancement imposed on the Petitioner constitutes a clear deficiency in counsel's role as an advocate for the Petitioner, especially in light of the recent Supreme Court decision discussed herein. The Appellate Court even relied on the fact that, since the Petitioner did not dispute the issue, the absence of clear error was a foregone conclusion.

## CONCLUSION

The Petitioner was only 19 years of age when he was arrested. Based on a review of not only his educational background but his family and psychiatric history, it is axiomatic that the Petitioner required the guidance of competent counsel in order to fully understand these proceedings. Therefore, based on the above, the Petitioner hereby requests the Court to vacate his sentence and remand for further proceedings, or grant any other relief the Court deems appropriate.

Respectfully submitted,

Albert J. Torres, pro se

(4)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the enclosed 18 USC § 2255 PETITION has been forwarded to the Office of the U.S. Attorney for the District of Massachusetts on this 25 day of January 2005 via prepaid First Class Mail, by placing same in the legal mail box located at FCI Fort Dix, New Jersey.

Sincerely,

*Albert Torres*
Albert J. Torres, pro se