IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Albert Johnny Torres,           )
                                )
     Petitioner                 )
                                )
v.                              )   Civil Action:
                                )   No.: 05-40018-NMG
The United States of America,   )
                                )
     Respondent.                )

---

PETITIONER'S REPLY TO GOVERNMENT'S
OPPOSITION TO PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255

---

Now here comes Albert J. Torres, acting pro se in the above numbered cause, to be referred to as the "Petitioner" in the following:

### ARGUMENT

I.  Retroactivity of Booker decision

The Petitioner continues to assert that, due to the fact the Appellate Court did not rule on his ineffective assistance of counsel claim, this inaction left the door open to pursue the claim that his 6TH Amendment rights were violated since the federal Sentencing Guidelines were not applied on an advisory basis.  Therefore, the Petitioner

hereby preserves this issue in the event the Supreme Court or the Court of Appeals for the First Circuit rule differently in the future.

### II. Ineffective Assistance of Counsel

The government states that Petitioner's claim alleging that his counsel was ineffective because his attorney advised him incorrectly about the gun charge "is devoid of any proof and cannot be squared with the record." (Gov't. Response, p.21) The government goes on to say that "Torres offers nothing more than a bold assertion."

However, what must be considered is the fact that any evidence supporting the Petitioner's claims would be borne out through an evidentiary hearing. The Petitioner is not arguing with counsel's performaance in regards to seeking a downward departure due to the obvious prevailing mitigating circumstances, nor counsel's arguments which lowered the amount of drugs attributable to the Petitioner. The government seems to be trying to convince this honorable Court that, since counsel did some things right, it should overlook the egregious error he did commit. The Petitioner respectfully disagrees.

The government also asserts that no prejudice occurred predicated on the fact the attorney was diligent regarding

the other arguable issues. Perhaps if the prosecutor was sentenced to a 5-year consecutive sentence as opposed to a two level enhancement, he might feel differently.

In <u>Dixon v. Snyder</u>, 266 F.3d 693, 699 (7TH Cir. 2001), the Court of Appeals affirmed the district court's decision to grant a petition for ineffective assistance of counsel, based on the effect counsel's ignorance of the law had on the fairness of the proceedings.

A district court must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief." <u>Stoia v. U.S.</u>, 22 F.3d 766, 768 (7TH Cir. 1994); <u>See Also</u> <u>U.S. v. Yizar</u>, 956 F.2d 230 (11TH Cir. 1992).

Moreover, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed 2d 180 (1993). Furthermore, the result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome. <u>Gonzalez-Soberal v. U.S.</u>, 244 F.3d 273, 277 (1ST Cir. 2001), quoting <u>Strickland v. Washington</u>,

466 US 668 (1984) at 694.

## CONCLUSION

Based on the foregoing, the Petitioner beseeches this Court to order an evidentiary hearing in order to allow the Petitioner to prove his allegations.

Respectfully submitted,

_____
Albert Johnny Torres, pro se

(PAGE FOUR OF FIVE)

## CERTIFICATE OF SERVICE

The undersigned does hereby confirm that a true correct copy of the foregoing Reply to Government's Response to Petitioner's Motion pursuant to 28 U.S.C. § 2255 has been placed in the legal mail box at FCI Fort Dix, New Jersey this third day of August 2005, postage prepaid, and addressed to:

>    Office of the U.S. Attorney
>    David Hennessy, AUSA
>    595 Main Street
>    Worcester, MA 01608

Respectfully submitted,

_____
Albert Johnny Torres, pro se

(PAGE FIVE OF FIVE)