United States District Court
District of Massachusetts

|  |  |
|---|---|
| ALBERT JOHNNY TORRES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil Action No. <br> 05-40018-NMG |

MEMORANDUM & ORDER

GORTON, J.

    Petitioner Albert Johnny Torres ("Torres"), proceeding pro se, brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that 1) his sentence was unconstitutionally enhanced based upon findings of fact that were not proved to a jury beyond a reasonable doubt and 2) his counsel was ineffective. In addition, he requests that the Court suspend his sentence so that he may serve in the United States Marines.

    Torres was one of eleven defendants charged in a superseding indictment filed on December 29, 1999. On September 30, 2002, he pled guilty to all of the charges against him: one count of conspiring to possess with the intent to distribute crack cocaine, eight counts of distribution of crack cocaine and one

count of using a firearm during and in relation to a drug trafficking offense. At his sentencing on January 10, 2003, the Court found, by a preponderance of the evidence, that 1) petitioner was a leader of criminal activity involving five or more participants, 2) he was responsible for 360 grams of crack cocaine and 3) no downward departure on the basis of his background was warranted. Torres's adjusted offense level was determined to be 35. Combined with his placement in criminal history category I, the guidelines sentencing range was 168 to 210 months. The Court noted specifically, however, that in addition to the sentence for the other counts, the relevant firearms statute, 18 U.S.C. § 924(c), directed a five-year <u>consecutive</u> term of imprisonment. Torres did not object to the Court's calculation of the applicable sentencing range and the Court accordingly imposed a prison term of 228 months (168 months on the drug charges and a consecutive sentence of 60 months on the firearms charge).

Torres appealed his conviction on the grounds that 1) the Court had failed to instruct him properly as to the nature of the charges against him, 2) his guilty plea on the firearms charge was not supported by an adequate factual basis, 3) his counsel was defective in failing to inform him that there was an insufficient factual basis for the firearms conviction and 4) the Court erred in finding that petitioner was a leader in the

criminal activity. The First Circuit Court of Appeals affirmed the judgment of the Court, concluding that a factual basis underlay the firearms charge and conviction, Torres was adequately apprised of the nature of the charges against him and the Court's finding of Torres's leadership role was not clearly erroneous. Petitioner's ineffective assistance claim was considered not cognizable on appeal because it relied on matters outside of the record. United States v. Torres, No. 02-1197 (1st Cir. March 12, 2004) (summary disposition).

After considering the contentions of Torres and the relevant case law, the Court concludes that § 2255 relief is inappropriate in this case. First, even if Torres had a tenable claim under United States v. Booker, 543 U.S. 220 (2005), that decision does not apply retroactively. See Cirilo-Munoz, 404 F.3d 527, 533 (1st Cir. 2005). Moreover, assuming arguendo that Booker is applicable, petitioner is not entitled to relief with respect to arguments that he failed to raise on direct appeal because he has not demonstrated both "cause" for that failure and "actual prejudice" resulting therefrom. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Regardless of whether petitioner's sentencing prior to the Booker decision constitutes sufficient cause for his failure to raise Booker-related arguments, Torres has failed to show that the Court would have imposed a different sentence post-Booker.

The ineffective assistance claim of Torres also fails because he has not demonstrated that his attorney's performance "fell below an objective standard of reasonableness" and that, but for such deficiency, "the outcome would likely have been different". Cirilo-Munoz, 404 F.3d at 530 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Courts reviewing ineffective assistance claims are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". Strickland, 466 U.S. at 689. Here, petitioner attempts to demonstrate deficiency and prejudice by virtue of his counsel's alleged failure 1) to advise Torres of the consequences of pleading guilty to the firearms charge and 2) to dispute the four-level sentence enhancement imposed on account of Torres's leadership role.

Upon consideration of the parties' positions, the Court finds that petitioner's counsel was more than competent and that his contentions are belied by the record. First, in contrast to Torres's allegations, his attorney advocated against any sentence enhancements and, in fact, argued that a downward departure was appropriate. Second, there is no evidentiary support that Torres was inadequately informed about the consequences of his conviction on the firearms charge. At Torres's change of plea hearing, the government stated that petitioner's guilty plea to the firearms charge would subject him to a mandatory five-year

sentence to be served consecutively to any sentence imposed on the other counts. When the Court, immediately thereafter, asked Torres whether he understood the possible consequences of his plea, he responded affirmatively.

Finally, although Torres's request for a suspension of his sentence in order to serve his country is commendable, the Court concludes that it lacks any basis or authority to so modify petitioner's sentence.

## ORDER

In accordance with the foregoing, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 26, 2006